

FILED
DEC 05 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON L. BURTON, CDCR #J-58007, Plaintiff, vs. DANIEL PARAMO, Warden, et al., Defendants. | Case No.: 3:17-cv-01953-BEN-KSC **ORDER:** **1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 3]** **2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF No. 4]** **AND** **3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

HARRISON L. BURTON ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

1

Plaintiff claims RJD Warden Paramo, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Scott Kernan, Director of Policy and Risk Management Services at California Correctional Health Care Services ("CCHCS") J. Lewis, RJD's Chief of Mental Health H. Greenwald, Psy.D, and RJD Chief Executive Officer M. Glynn violated his Eighth and Fourteenth Amendment rights on March 9, 2017, by implementing a "behavioral modification program" on RJD's E-Facility which permits inmates like him, who are designated for placement in the Enhanced Outpatient Program ("EOP"), to be partially "mixed" with selected general population ("GP") inmates. *See* ECF No. 1 at 1-9; ECF No. 4 at 2-5.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3), and a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face ... additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under

imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

///

B. <u>Application to Plaintiff</u>

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, as well as his Motion for TRO and all its exhibits, and has ascertained that neither contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks immediate injunctive relief and money damages against CDCR and RJD prison and mental health administrators for selectively integrating EOP and GP inmates on RJD's E Facility. *See* ECF No. 1 at 5-9; ECF No. 4 - at 2-5 & Ex. A at 7-13. Plaintiff claims the "mixing" of EOP and GP inmates has caused him to fear for his safety in the chowhall, and to worry that he may become the "prey" of "sa[v]vy" prison gangs and sexually violent predators.[1] *See* ECF No. 1 at 5-9.

While Plaintiff claims he has been assaulted in the past, and alleges "upon information and belief" that *other* EOP inmates have also been attacked, extorted, and subject to "more force and violence" by staff due to RJD's integrated mental health services programs since March 2017, *id.* at 5-6, he does not allege he was *personally* and currently targeted, subject to impending attack, or facing an "imminent" danger of serious physical injury at the time he filed his Complaint on September 25, 2017. *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055. To qualify for § 1915(g)'s exception, the danger allegedly faced must be real, proximate, and/or ongoing. *See Cervantes*, 493 F.3d at 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non-specific

---

[1] Plaintiff claims he was convicted on second degree murder in 1995, and was placed in the EOP in October 2014 based on a mental health care diagnoses of bipolar and anti-social personality disorders. *See* ECF No. 1 at 5. The "EOP 'provides care to mentally disordered inmate-patients who would benefit from the structure of a therapeutic environment that is less restrictive than inpatient settings.'" *Bloodworth v. Krall*, No. 09 CV 2671 MMA CAB, 2011 WL 1043726, at *1 n.2 (S.D. Cal. Mar. 22, 2011) (quoting *Coleman v. Schwarzenegger*, No. Civ. 90-0520 (E.D. Cal. 2006) (ECF No. 1753-2).

4

allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Womack v. Sullivan*, No. 2:14-CV-85-EFB P, 2014 WL 11774841, at *1 (E.D. Cal. Jan. 30, 2014) (finding EOP inmate's allegations of post-traumatic stress and teeth-grinding due to prison's failure to provide him single-cell status insufficient to show "imminent danger of serious physical injury" under § 1915(g)), *report and recommendation adopted*, No. 2:14-CV-85-WBS-EFB P, 2014 WL 11774842 (E.D. Cal. Feb. 25, 2014), *aff'd*, 594 F. App'x 402 (9th Cir. 2015); *Beeson v. Copsey*, 2011 WL 4948218 (D. Idaho Oct.17, 2011) (finding allegations of "prison violence, reprisal, gov-action, loss of const. rights" were "vague, non-specific allegations [that] are insufficient to show imminent danger"); *Pauline v. Mishner*, 2009 WL 1505672 (D. Haw. May 28, 2009) (vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); *Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (finding claims that plaintiff would commit suicide, or that he has already attempted suicide and would do so again, insufficient to show imminent danger).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council*

*v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff Harrison L. Burton, identified as CDCR Inmate #J-58007, has had more than three prior prisoner civil actions and/or appeals[2] dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Burton v. Alameida, et al.*, Civil Case No. 3:03-cv-02405-IEG-RBB (S.D. Cal. Feb. 19, 2004) (Order Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 7) (strike 1)[3];

2) *Burton v. McDonald, et al.*, Civil Case No. 2:10-cv-01980-JAM-EFB (E.D. Cal. Aug. 1, 2014) (Findings and Recommendations ["F&Rs"] to dismiss Fifth Amended Complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 84); (E.D. Cal. Oct. 22, 2014) (Order adopting F&Rs "in full" and dismissing action for "failure to state a claim.") (ECF No. 85) (strike 2);

3) *Burton v. Barnes, et al.*, Appeal No. 14-15354 (9th Cir. May 16, 2014) (Order) ("The district court has denied appellant leave to proceed on appeal in forma pauperis. We deny appellant's motion to proceed in forma pauperis because we also find

---

[2] "The in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct." *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763-64 (2015) ("Nothing in [the PLRA] indicat[es] that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity—or that Congress intended the former to take effect only when affirmed by the latter.").

[3] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1131, 1143 (9th Cir. 2017). A prisoner's "failure to file an amended complaint [does] not negate the determination already made by the court that the complaint that he had filed, and on which he effectively elected to stand, failed to state a claim. It also does not matter whether the dismissals were with or without prejudice." *Id.* at 1142 (citing *O'Neal*, 531 F.3d at 1154.)

6

3:17-cv-01953-BEN-KSC

the appeal is frivolous.") (Dkt. Entry 8 at 1)[4] (strike 3); and

      4)     *Burton v. Chenoweth, et al.*, Civil Case No. 2:14-cv-02331-KJN (E.D. Cal. March 4, 2016) (Order dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2)) (ECF No. 24) (strike 4).

      Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Motion to Appoint Counsel

      In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

///

---

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

Because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

### III. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff also seeks immediate injunctive relief pursuant to Fed. R. Civ. P. 65 preventing his "retaliatory transfer" for filing this action in order to "exercise[e] [his] constitutional rights." (ECF No. 4 at 2).

First, even if Plaintiff were entitled to proceed IFP in this case, to the extent he seeks a TRO without notice upon an adverse party, he cannot yet proceed with such an extraordinary request, for his submission fails to set out "specific facts in an affidavit or a verified complaint ... [which] clearly show that immediate and irreparable injury, loss, or damage will result ... before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Second, a plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

Plaintiff's wholly conclusory allegations fails to meet any of these requirements. In fact, his Motion seeks to enjoin "all parties" from transferring him in retaliation for having filed this case in order "to ensure that [he] receive[s] necessary mental health care

and treatment." *See* ECF No. 4 at 1-2. But these are separate constitutional claims unconnected to the behavioral modification program and due process claims alleged in his Complaint. *Cf.* ECF No. 1 at 4-9; *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Id.*; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.").

Finally, Plaintiff asks the Court to enjoin a retaliatory transfer from RJD, but he alleges no facts, and points to no evidence to show, that he is currently experiencing or likely to experience any retaliatory action on Defendants' part. Instead, Plaintiff merely incorporates the facts "set forth in [his] Complaint." (ECF No. 4 at 2). This is not sufficient—especially since there are no allegations of retaliation in his Complaint whatsoever. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation*, 810 F.3d at 633.

As the movant, Plaintiff "must do more than merely allege imminent harm sufficient to establish standing; [he] must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co., Inc. v.*

*Baldrige*, 844 F.2d 668, 674-675 (9th Cir. 1988) (speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction) (internal citations omitted). Although prison officials may not transfer an inmate to another prison in retaliation for the exercise of his First Amendment right to pursue federal civil rights litigation, *see Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (citing *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985)), Plaintiff's contended fear of a potential retaliatory transfer is speculative and entirely unrelated to the alleged behavioral programming allegations which form the basis of his Complaint. *See e.g., Hansen v. Parkhurst*, No. ED CV 16-00459-VBF-DTB, 2016 WL 4136830, at *3 (C.D. Cal. July 29, 2016) (denying prisoner's TRO seeking to enjoin an alleged retaliatory transfer because it sought injunctive relief which was "not of the same character" as that which he ultimately sought based on the First Amendment claims alleged in the complaint) (citing cases).

For these reasons, Plaintiff's Motion for TRO and Preliminary Injunction (ECF No. 4) is DENIED.

## IV. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4); and

3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: 12/04/2017

HON. ROGER T. BENITEZ
United States District Judge